# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| **JANE SFA-CM DOE** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **C.A. No. _____** |
| **STEPHAN F. AUSTIN** | § | |
| **STATE UNIVERSITY** | § | |
| **Defendant** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE SFA-CM DOE**" to file her "Plaintiff's Original Complaint" as follows:

### PREAMBLE

### *BUSINESS STUDENT EXPELLED DUE TO DISABILITIES*

*Plaintiff Jane was a student at Stephen F. Austin seeking advancement of her educational and employment opportunities when she was essentially expelled because of her severe physical disabilities. Lacking only ten courses towards completion of her Business Degree, Jane was suspended and then blocked from re-entry into Stephen F. Austin because her physical disabilities were simply too much trouble for Stephan F. Austin to want to deal with. This is a suit for damages and equitable relief as to the discrimination suffered by Jane because of her disabilities.*

## A.  NATURE OF THE SUIT

1.    Plaintiff Jane (defined hereafter) is a female with sever physical

Disabilities (defined hereafter) which limit Jane to the use of a wheelchair. Being fully cognizant of Jane's Disabilities, Defendant SFA (defined hereafter) accepted Jane into Defendant's business program.  However, as Jane proceeded with her studies, Defendant SFA ultimately decided that trying to deal with Jane's Disabilities was simply a problem Defendant no longer wished to bear.

2.     As a result, Defendant suspended Plaintiff Jane during the Fall semester of 2017, assigned the grades of F to all of Jane's classes in December 2017, cut Jane's digital access to Defendant, and continues to prevent Jane from digital access to Jane's records and admissions efforts.

3.     Plaintiff Jane has been left with no choice but to file this Complaint for damages and equitable relief. Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

(a)     Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

(b)     Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011); and

(c)     42 U.S.C. § 1983 with regards to:

Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.11.02

rights granted by the Fourteenth Amendment to the
U.S. Constitution.

## B.   PARTIES

4.     Plaintiff "**JANE SFA-CM DOE**" ("Jane") is an individual residing in

the State of Texas.  Because of the privacy issues involved in this matter and the real

and eminent threat of further retaliation by Defendant and others because of Jane's

Disabilities, Jane is hereby exercising her rights to proceed with this matter

anonymously.

5.     The need to protect the identity of Plaintiff Jane does not hinder the

defense of this matter by Defendant, for the facts are well known to the Defendant.

When applying the applicable tests (created by jurisprudence applicable to this Court)

to balance the needed protection of privacy versus any inconvenience to the

Defendant, the protection of Jane's privacy prevails.

6.     At such time as the Court might agree on procedures designed (a) to

protect the privacy of Plaintiff Jane (including the adoption of an appropriate

protective order), and (b) to protect Plaintiff Jane from further retaliation, Jane's

identity shall be disclosed to Defendant,

7.     Defendant **STEPHAN F. AUSTIN STATE UNIVERSITY** ("SFA") is

a public university operating in the State of Texas that receives grants and other

funding from the United States and may be served with summons by serving its President as follows:

**STEPHAN F.  AUSTIN STATE UNIVERSITY**
**c/o Scott Gordan, President**
**1936 North Street**
**Nacogdoches, Texas 75962**

## C.  JURISDICTION and VENUE

8.      The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

    (a)      Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504");

    (b)      Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011) ("ADA"); and

    (c)      §1983 of Title 42 of U.S.C. ("Section 1983").

9.      Venue is proper in the Eastern District of Texas (Lufkin Division) because Defendant SFA operates in, and from, Nacogdoches,  Nacogdoches County, Texas (which is within the Eastern District of Texas), and the underlying events took place in Nacogdoches, Nacogdoches County, Texas which is within the Lufkin Division of the Eastern District of Texas.

### D. <u>FACTUAL ALLEGATIONS</u>

#### *Who is Plaintiff Jane?*

10.     Plaintiff Jane is a woman who has striven her entire life to achieve personal and professional success despite Jane having Reflex Sympathetic Dystrophy and L4 Incomplete Spinal Cord Injury, resulting in Jane's confinement to a wheelchair for any mobility (collectively hereafter, "Jane's Disabilities").

11.     Upon her admission to Defendant SFA, Plaintiff Jane properly registered with Defendant as a student with disabilities qualifying as recognized disabilities under Section 504 and the ADA.  As such, Defendant SFA was well aware of Jane's Disabilities, and Defendant's duties to make necessary accommodations for Jane's educational attendance.

#### *Defendant's Actions towards Jane.*

12.     Notwithstanding that Section 504 and the ADA require Plaintiff Jane be granted certain accommodations to facilitate Jane's educational needs in the context of Jane's Disabilities, Defendant SFA did nothing meaningful to assist Jane, but instead went out of its way to make matters harder for Jane.

13.     With regards to Plaintiff Jane's Disabilities, Defendant SFA:

    a.      required Jane's class attendance in rooms which were not
            suitable to Jane's use of her wheelchair;

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.11.02

b.      refused to provide Jane any physical, assistance to maneuver into and out of the rooms and hallways of Defendant;

c.      required Jane to attempt attending meetings only accessible by stairs;

d.      watched with indifference as other students attending Defendant SFA ridiculed and bullied Jane because of Jane's Disabilities;

e.      joined in the ridicule and bullying of Jane as Jane attempted to exert her rights as a 504 student attending Defendant;

f.      decided to suspend Jane because of Jane's continued expressions of her dissatisfaction as to Defendant's refusal to accommodate Jane's Disabilities;

g.      banned Jane from the campus of Defendant;

h.      removed all of Jane's digital access to Defendant;

i.      in December 2017, issued grades of Fs for all of Jane's Fall classes;

**PLAINTIFF'S ORIGINAL COMPLAINT**

j.      continues to refuse to assist Jane in Jane's effort to regain

enrollment with Defendant; and

k.      refuses to allow Jane access to the Defendant's records

which would be required for Jane to transfer to a separate

college and finish her degree.

For the purposes hereof, Defendant's foregoing acts and omissions shall be

collectively referred to hereafter as the "Actions Against Jane."

### *Harm to Jane.*

14.     The harm done to Plaintiff Jane as a result of Defendant SFA's Actions

Against Jane have been devastating to Jane, personally, physically, and

professionally.

15.     Plaintiff Jane has suffered severe emotional and economic harm as a

result of the SFA's Actions Against Jane and shall suffer future physical, emotional,

and economic harm.

16.     Further, SFA's Actions Against Jane were unconscionable, intentional,

and made in bad faith with full knowledge that the damage to Plaintiff Jane would

follow Jane for the rest of her life, and represent actions of deliberate indifference to

Jane.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.11.02

***Defendant's Action Under the Color of State Law.***

17.    The administrators participating in Defendant SFA's Actions Against Jane are the applicable policy makers of Defendant SFA, or, were individuals assigned by such policymakers, and were implementing the policies and customs of Defendant SFA.

18.    Further, if such policies are not, in fact written, each of the administrators participating in Defendant SFA's Actions Against Jane (as applicable policymakers, or, as individuals assigned by such policymakers) were implementing the policies and customs of Defendant SFA in accord with the customs and practices of Defendant SFA.

***Administrative Remedies.***

19.    There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be utterly futile.

20.    As a result of Defendant SFA's Actions Against Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

21.    All conditions precedent to Plaintiff Jane bringing these claims have been met.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.11.02

### E.  PLAINTIFF'S CAUSE OF ACTION

22.     Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: SECTION 504 VIOLATIONS

23.     As a public university operated in the State of Texas that receives grants and other funding from the United States, Defendant SFA falls under the jurisdiction and requirements of Section 504.

24.     As mandated by Section 504, Defendant SFA is prohibited from discriminating against students having been diagnosed with various disabilities.

25.     Plaintiff Jane's Disabilities qualify as disabilities covered by Section 504, and Defendant SFA's Actions Against Jane are direct violations of Section 504.

26.     Defendant SFA's Actions Against Jane in  violation  of  Section 504 have caused Plaintiff Jane to suffer a loss of educational benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

27.     Defendant SFA's  Actions Against Jane in  violation  of  Section 504 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.11.02

28.     Defendant SFA's  Actions Against Jane have been so spiteful that such Actions constitute deliberate indifference as to Plaintiff Jane and Jane's Disabilities.

## COUNT TWO: ADA VIOLATIONS

29.     As a public university operated in the State of Texas that receives grants and other funding from the United States, Defendant SFA falls under the jurisdiction and requirements of the ADA.

30.     As mandated by the ADA, Defendant SFA is prohibited from discriminating against students having been diagnosed with various disabilities.

31.     Plaintiff Jane's Disabilities qualify as disabilities covered by the ADA, and Defendant SFA's Actions Against Jane are direct violations of the ADA.

32.     Defendant SFA's Actions Against Jane in  violation  of  the ADA have caused Plaintiff Jane to suffer a loss of educational benefits and created economic losses, including all actual, consequential, continuing, and future  compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

33.     Defendant SFA's Actions Against Jane in  violation  of  the ADA have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

34.     Defendant SFA's  Actions Against Jane have been so spiteful that such

Actions constitute deliberate indifference as to Plaintiff Jane and Jane's Disabilities.

## **COUNT THREE: SECTION 1983**

35.     Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

36.     The administrators implementing Defendant SFA's Actions Against

Jane were state actors, exercising their delegated duties acting under the color of state

law while committing SFA's Actions Against Jane and resulted in the violation of

Plaintiff Jane's rights under:

a.     Section 504;

b.     the ADA;

c.     the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jane's Property Rights;

d.     the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights; and

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.11.02

e.    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights.

37.    Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff Jane has the right, as a student attending a publicly funded university, to be free from the SFA's Actions Against Jane.

38.    Because of the SFA's Actions Against Jane, Plaintiff Jane has been denied her guaranteed equal protection, procedural due process, and substantive due process rights as set forth in the Fourteenth Amendments. As a result of such violations, Defendant have violated Jane's right under 42 U.S.C. § 1983 (hereafter, "Section 1983 Violations").

39.    Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's character, prestige, standing in Jane's community as well as a loss of benefits and opportunities as a direct and proximate result of Defendant's Section 1983 Violations as to Plaintiff Jane.

40.    Although the Eleventh Amendment to the United States Constitution prevents Plaintiff Jane from seeking financial damages against Defendant SFA for Defendant SFA's Section 1983 Violations, Section 1983 does allow Jane to seek equitable relief, which Jane does now seeks, including but not being limited to:

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.11.02

(a)    reinstatement of Plaintiff Jane as a student with Defendant SFA;

(b)    requiring Defendant SFA to strike from its records all negative information, emails, evaluations, and materials as to Plaintiff Jane;  and

(c)    the removal from all of Plaintiff Jane's records at Defendant SFA which indicate Plaintiff Jane was ever the subject of any disciplinary matter while attending Defendant SFA.

For the purposes hereof, the equitable relief set forth in Subparagraphs (b) and (c) shall be collectively referred to as "Expungement").

## COUNT FOUR: PUNITIVE DAMAGES

41.    Defendant SFA's Actions Against Jane in violation of Section 504 and the ADA were unconscionable, intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to Section 504 and the ADA, for which Plaintiff Jane now seeks.

## COUNT FIVE: ATTORNEYS' FEES

42.    Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.11.02

## COUNT SIX: POST JUDGMENT INTEREST

43.    Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## F.  REQUEST FOR JURY

44.    Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including post judgment interest; Plaintiff Jane be granted Jane's equitable relief requested, including the Expungement; Plaintiff Jane be reimbursed Jane's reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which Jane may show herself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.11.02

Respectfully submitted,

Gorman Law Firm, pllc

By:_____
     Terry P Gorman, Esq.
     Texas Bar No. 08218200
     tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JANE SFA-CM DOE**