**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MARCELLA COOK § | |
| fka Jane SFA-CM Doe § | |
| § | CASE NO. 9:19-CV-201-RC-ZJH |
| v. § | |
| § | |
| STEPHEN F. AUSTIN UNIVERSITY § | |

# REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS

This case is assigned to the Honorable Ron Clark, United States District Judge, and referred to the undersigned United States Magistrate Judge for pretrial management. The Defendants, Stephen F. Austin University ("SFA") and Scott Gordon, have jointly filed their Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #18). After considering the motion and arguments from the parties, the undersigned recommends granting the motion but further recommends that the Plaintiff, Marcella Cook, be given an opportunity to amend her Rehabilitation Act claim.

## I.   FACTUAL BACKGROUND[1]

Plaintiff Marcella Cook is a female with severe physical disabilities which limit her to the use of a wheelchair. (Doc. #17, at 3). She was formerly a student at Stephen F. Austin University. *Id.* Cook alleges that SFA required her to attend class in rooms which were not suitable to her wheelchair; refused to provide her with any physical assistance to maneuver into and out of the rooms and hallways of SFA; required her to attempt attending meetings at SFA only accessible by

---

[1] These facts are alleged in Marcella Cook's Second Amended Complaint. (Doc. #17).

1

stairs; watched with indifference as other students attending SFA ridiculed and bullied Cook because of her disabilities; joined in the ridicule and bullying of Cook as she attempted to assert her rights as a student with disabilities attending SFA; and refused Cook participation in SFA's sponsored student programs (i.e., student government) and professional associations (i.e., Phi Theta Kappa). *Id.* at 7–8.

Cook further alleges that SFA grew weary of having to deal with her disabilities and initiated well-orchestrated efforts to remove her from attending SFA. *Id.* at 8. She contends that after deeming her a behavioral problem, SFA suspended her; banned her from campus; removed all of her digital access; in December 2017, issued grades of Fs for all of her fall classes, which resulted in her no longer being qualified to attend SFA; continues to refuse to assist her in her effort to regain enrollment with SFA; and refuses to allow her access to SFA's records which would be required for her to transfer to a separate college and finish her degree. *Id.* at 8–9. Cook also alleges that as the president of SFA and the person with the delegated duties of ensuring that SFA follows all applicable rules, regulations, and statutes, Defendant Scott Gordon has fully endorsed SFA's actions against her.[2] *Id.* at 9. In fall 2017, Cook was suspended from SFA until the spring 2019 semester. (Doc. #18, at 3).

Defendants allege that Cook was suspended after a formal hearing for Disruption of Living/Learning Environment, Harassment, Failure to Comply with Directions of a University Official, and Providing False Information to the University. (Doc. #18, at 2). They further assert that on December 5, 2018, the SFA Office of Student Rights and Responsibilities sent Cook a letter regarding her re-enrollment and when she could return to campus, that at no time has SFA blocked Cook from returning to campus after her suspension, that she is currently a student in good

---

[2] As Defendants point out in their motion to dismiss, Scott Gordon did not become the president of SFA until 2019, after these actions allegedly took place.

academic standing, and that only thing preventing Cook from returning to campus is her failure to pay a financial hold and see her advisor. *Id.* at 3. Defendants further allege that Cook has failed to invoke subject matter jurisdiction.

## II.     PROCEDURAL BACKGROUND

Plaintiff Marcella Cook filed this case on November 2, 2019, against Defendant Stephen F. Austin University alleging violations of Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Rehabilitation Act"), Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–50 ("ADA"), and 42 U.S.C. § 1983. (Doc. #1).[3] After Defendant filed a motion to dismiss (Doc. #4), Cook filed an amended complaint which added claims against SFA President Scott Gordon. (Doc. #17). Defendants filed the pending Motion to Dismiss Plaintiff's Second Amended Complaint on May 7, 2020. (Doc. #18). When Cook failed to respond to the motion and to properly serve Scott Gordon, the court ordered her to do so or risk dismissal of the case. (Doc. #22). On September 29, 2020, Cook responded to the motion and on October 1, 2020, summons was issued to Scott Gordon. (Doc. #23, 24). In her response, she agreed to abandon her request for punitive damages. (Doc. #23, at 12). On October 8, 2020, the court granted the Defendant's Unopposed Motion to Stay Discovery and Suspend Scheduling Order Pending Resolution of Motion to Dismiss. (Doc. #27). Discovery in the case is stayed until the court decides the pending motion to dismiss.

---

[3] The complaint also qualifies Cook's requests for punitive damages, attorneys' fees, and post judgment interest as separate counts. Because these claims are not standalone theories of recovery, they will be dismissed if the causes of action they are associated with are dismissed.

### III.  LEGAL STANDARD

#### A.  Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 413. The district court is not limited to an inquiry into undisputed facts and it may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction. *Id.*

A district court may dismiss a case for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Clark v. Tarrant Cnty*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson*, 645 F.2d at 413). After the defendant challenges jurisdiction by filing a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing the existence of subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).

#### B.  Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) ("Dismissal is appropriate only if the claim fails to plead 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Twombly*, at 570). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level*." In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *In re Great Lakes*, 624 F.3d at 210. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Iqbal*, at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (citing *Ferrer*, at 782). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a plaintiff must put forth more than "'unadorned, the defendant-unlawfully-harmed-me accusation[s].'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678).

## IV. ANALYSIS

The Defendants' motion should be granted. Cook fails to plead a plausible claim of relief against Defendants for her Rehabilitation Act claim or her ADA claim.[4] However, she should be given leave to amend her complaint to cure the deficiencies in her Rehabilitation Act claim. Additionally, Cook's § 1983 claim is moot.

### A. Rehabilitation Act Violations

#### a. Against Scott Gordon

It appears from the complaint that Cook asserted a Rehabilitation Act claim against Scott Gordon. (Doc. #17, at 12). The Rehabilitation Act prohibits recipients of federal financial assistance from discriminating against disabled, but otherwise qualified individuals. *See Kapche v. City of San Antonio*, 176 F.3d 840, 844 n.27 (5th Cir.1999). To enforce its provision, the Act provides for suit against "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Here, it is clear that SFA, not Gordon, is the program recipient of the federal financial assistance. Consequently, Cook cannot sue Gordon individually under the Rehabilitation Act. *See Lollar v. Baker*, 196 F.3d 603, 608–09 (5th Cir. 1999).

#### b. Against SFA

##### i. Eleventh Amendment Immunity[5]

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any

---

[4] In their motion to dismiss, Defendants discuss the merits of a failure to accommodate claim under the Rehabilitation Act and the ADA. However, the court finds no facts in Cook's complaint that indicate she intended to assert a failure to accommodate claim and thus, it will not be addressed here.

[5] Although it is unclear if the Defendants assert immunity for the Rehabilitation Act claim, the court will address the issue.

program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). A separate provision, 42 U.S.C. § 2000d–7, conditions a state's receipt of federal funds on its waiver of Eleventh Amendment immunity to actions under § 504. The Fifth Circuit has held that Congress permissibly conditioned a state agency's receipt of funds on an unambiguous waiver of the Eleventh Amendment immunity, and that by accepting such funding, the State has consented to Rehabilitation Act claims being brought against the agency in federal court. *See Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 277–87 (5th Cir. 2005) (en banc); *Miller v. Tex. Tech Univ. Health Sci. Ctr.*, 421 F.3d 342, 347–52 (5th Cir. 2005) (en banc); *Bennett–Nelson v. La. Bd. of Regents*, 431 F.3d 448, 453–54 (5th Cir. 2005). Thus, SFA has waived its Eleventh Amendment immunity by accepting federal funds and is not immune to the Rehabilitation Act claim. *See Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 953 (E.D. Tex. 2017) (concluding that SFA waived its Eleventh Amendment immunity with respect to actions brought under the Rehabilitation Act).

### ii. Merits of Rehabilitation Act claim[6]

As stated previously, Section 504 of the Rehabilitation Act provides "no otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance...." 29 U.S.C. 794(a). A prima facie case of discrimination under the Rehabilitation Act is operationally identical to the test under the ADA, which requires a plaintiff to allege: (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being

---

[6] While it appears that the claim may also be barred by the statute of limitations, the court does not have enough information at this stage of the case to decide that issue.

discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 (5th Cir. 2004). The only additional requirement for a Rehabilitation Act claim is that the discrimination must be solely by reason of the disability, instead of just a motivating factor as is required by the ADA. *Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008).

The complaint does not meet the Rehabilitation Act's otherwise qualified individual requirement or the causation requirement. In her complaint, Cook merely states that "with regards" to her disabilities, SFA refused her participation in SFA's sponsored student programs (i.e. student government) and professional associations (i.e. Phi Theta Kappa). (Doc. #17, at 8). Nowhere in the complaint does she allege that she was otherwise qualified for those programs; there is no explanation as to what those programs are or what they require for participation. Nor does it state that she was denied participation because of her disabilities or that she was suspended because of her disabilities; portions of the complaint assert that SFA acted against her because she exercised her right to freedom of expression. *Id.* at 8. Because it is not clear that Cook was otherwise qualified or that SFA's actions were because of Cook's disability or because of her exercise of her right to freedom of expression, or for some other reason, her Rehabilitation Act claim should be dismissed.

## B. ADA Violation

In *Reickenbacker v. Foster*, the Fifth Circuit concluded that Title II of the ADA and Section 504 of the Rehabilitation Act are not "proportional and congruent to the legislative findings of unconstitutional discrimination against the disabled by the States," and that those statutes therefore did not abrogate the States' Eleventh Amendment immunity. 274 F.3d 974, 983 (5th Cir. 2001). After the Fifth Circuit's decision in *Reickenbacker*, the Supreme Court decided two more cases

8

that seemed to point to a more case-specific resolution of the abrogation issue. In *Tennessee v. Lane*, 541 U.S. 509 (2004), the Court held that Title II of the ADA abrogates States' Eleventh Amendment immunity, at least for cases involving restrictions on the right of access to courts. And in *United States v. Georgia*, 546 U.S. 151 (2006), the Court held that Title II of the ADA abrogates States' Eleventh Amendment immunity at least for conduct that actually violates the Fourteenth Amendment. However, the Fifth Circuit has not yet decided whether the principles in *Lane* and *Georgia* extend to cases involving other rights or whether the holding in *Reickenbacker* continues to control in such cases. *See Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005); *Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 948 (E.D. Tex. 2017).

The rights and remedies available to Cook under Title II of the ADA and Section 504 of the Rehabilitation Act are virtually identical. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 288 (5th Cir. 2005). Because the only difference between the two is the causation requirement, the Fifth Circuit has held that as long as the issue in the case is not related to the causation requirement, when a state entity validly waives its immunity from actions under the Rehabilitation Act, whether or not Congress has abrogated immunity under Title II need not be reached. *See Bennett-Nelson*, 431 F.3d at 455 ("having already held that sovereign immunity does not bar the appellants' claim under § 504, we need not address at this juncture the issue of abrogation under Title II of the ADA, because the rights and remedies under either are the same for purposes of this case); *Eustice v. Tex. A&M Univ.*, No. 4:15-CV-03180, 2016 WL 8710444, at *9 (S.D. Tex. Sept. 30, 2016) ("[T]he Court declines to address this issue because resolution of the case at bar does not require it. This is because, as with his [Rehabilitation Act] claim—which is not barred by sovereign immunity— plaintiff has alleged no facts that would support an ADA claim against Defendants.").

Even if we were to assume that immunity had been abrogated, Cook's allegations still fail to state a claim under the ADA. As stated above, nowhere in the complaint does she allege that she was otherwise qualified for those programs, that she was denied participation because of her disabilities, or that she was suspended because of her disabilities. Although the causation requirement for ADA claims is different than the Rehabilitation Act, under the ADA she still must show that her disabilities were a motivating factor in Defendants treatment of her. *See Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 503 (5th Cir. 2002). Because it is not clear that Cook was otherwise qualified or that SFA's actions were because of Cook's disability or because of her exercise of her right to freedom of expression, or for some other reason, her ADA claim also fails on the merits.

### C. Section 1983 Violation[7]

#### a. Eleventh Amendment Immunity

Because the Eleventh Amendment bars suits against states for money damages incurred as a result of violating § 1983, the court must dismiss Cook's claim against SFA and Gordon in his official capacity unless Cook can demonstrate an exception to immunity. Pursuant to the *Ex parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008). Thus, "prospective injunctive or declaratory relief against a state [official] is permitted ... but retrospective relief in the form of a money judgment in compensation for past wrongs ... is barred." *Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir. 1988); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321–22 (5th Cir. 2008).

---

[7] There is no indication that Cook is suing Gordon in his individual capacity. Even if she was, he was apparently not the President of SFA during the events at issue and thus does not have the personal involvement necessary to succeed on an individual capacity § 1983 claim.

Here, Cook admits that the Eleventh Amendment bars her from seeking monetary damages against Defendants for her § 1983 claims. Although not clearly stated, it appears that she attempts to invoke the *Ex parte* Young exception by stating that she is entitled to equitable relief. (Doc. #17, at 16). However, the court is of the opinion that only one of her § 1983 claims qualifies as prospective injunctive relief under *Ex parte* Young—her request to be reinstated as a student. Her other three requests that SFA be required to strike from its records all negative information, emails, evaluations, and materials as to her; that Gordon require SFA to strike the grades of Fs given to her; and that Gordon require the removal from all of her records information that indicate she was ever the subject of any disciplinary matter while attending SFA, are retrospective and attempt to fix a past wrong. Thus, the *Ex parte* Young exception does not apply, and those claims are barred by Eleventh Amendment immunity.

### b. Mootness

Under the doctrine of mootness, "[a] controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation." *Chevron U.S.A., Inc., v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993) (citing *Mills v. Green*, 159 U.S. 651, 653 (1859)). Stated differently, "a moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999).

In their motion to dismiss, Defendants attached the Formal Hearing Disposition Worksheet from Cook's November 2017 formal hearing. (Doc. #18-1, at 4–5). In that report, the Committee agreed that Cook should be suspended until the beginning of the spring 2019 semester. Defendants also attached a December 2018 letter from the Director of the Office of Student Rights and Responsibilities notifying Cook that she was allowed back on campus and could re-enroll for the

spring 2019 semester. *Id.* at 7. Cook does not dispute these facts in her response to the motion to dismiss. She merely complains that the Defendants are asking the court to rule as a matter of law to dismiss Cook's[8] complaint as though discovery has been completed. (Doc. #23, at 3). However, on a motion to dismiss for lack of subject matter jurisdiction, the court "is not limited to an inquiry into undisputed facts" and it "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Having considered the documents attached to the Defendants' motion to dismiss, the court sees no reason to disagree with the evidence that Cook's suspension is over and that she is free to reenroll as a student at SFA. Additionally, the complaint itself states that Cook was suspended from SFA. (Doc. #17, at 3). Suspensions are generally temporary and the events in the complaint took place three years ago in fall 2017. It is therefore logical for the court to conclude that the suspension period is over and that Cook does not need the court to order SFA to reinstate her.[9] Thus, the actual controversy has been eliminated and this claim for relief is moot. *See Mutter v. Rodriguez*, 700 F. App'x 528 (7th Cir. 2017) ("the § 1983 claims of student who was expelled from state university was rendered moot when, after university expelled him, it granted him the opportunity to reinstate two years later); *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (because former employee did not seek reinstatement, there was no reasonable likelihood that he would again be subjected to allegedly unconstitutional discriminatory employment actions and, therefore, claim for prospective injunctive relief was moot).

---

[8] The response actually says Plaintiff "Amanda," but the court will assume that this is a typographical error.
[9] To the extent that Cook may claim that SFA's fees are what is keeping her from reenrolling, a request to waive the fees would not qualify as prospective relief and would be barred by Defendants' Eleventh Amendment immunity.

### D. Leave to Amend

"When a plaintiff's complaint fails to state a claim, a district court generally should provide the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Newell v. U.S. Bank Tr. Nat'l Ass'n*, No. H-13-0865, 2013 WL 2422660, at *2 (S.D. Tex. June 3, 2013) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir. 1994) (remanding to allow the plaintiff a chance to amend because "there is no intimation that [the plaintiff's] complaint constitutes his best case").

Accordingly, the undersigned recommends that Cook be given an opportunity to amend and present her best case for her Rehabilitation Act claim.[10] Cook is cautioned, however, that should her amended complaint also fall short of meeting the federal pleading standard or otherwise fail to state a claim, she might not be given another opportunity to amend. *See Newell*, 2013 WL 2422660 at *2 ("A district court has broad discretion to dismiss a complaint without leave to amend 'where the plaintiff has previously been granted leave to amend [to cure pleading deficiencies] and has subsequently failed to add the requisite particularity to its claims[.]'") (alterations in original) (quoting *Zucco Partners, L.L.C. v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).

### V. RECOMMENDATION

Because Cook has failed to plead a plausible claim for relief for her Rehabilitation Act or ADA claim and because her § 1983 claim is moot, the undersigned United States Magistrate Judge accordingly recommends that the District Court **GRANT** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #18) and that this case be dismissed. The

---

[10] As stated above, because the Rehabilitation Act claim and the ADA claim provide the same remedies, the court need not reach the ADA claim and so there is not need for Cook to amend her complaint as to that claim. And because the § 1983 claim is being dismissed on mootness grounds and not the merits, the court need not give her an opportunity to amend that claim.

undersigned also recommends that Cook be given an opportunity to amend her Rehabilitation Act claim cure the deficiencies.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen days after being served with a copy of this report; and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2); LOCAL RULE CV-72(c). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 21st day of October, 2020.

Zack Hawthorn
United States Magistrate Judge